UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

CRAIG M. SINGLETARY,
                Appellant,

        v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
DC-0752-16-0880-I-1

DATE: June 27, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Humphrey S. Cummings, Esquire, Charlotte, North Carolina, for the
    appellant.

Greg Allan Ribreau, Esquire, Charlotte, North Carolina, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision. Except as expressly MODIFIED by this Final Order to apply the nonfrivolous allegation standard for establishing jurisdiction set forth in the Board's revised regulations, we AFFIRM the initial decision.

¶2     On September 15, 2016, the appellant filed the instant appeal alleging that the agency denied him restoration from November 3, 2015, to January 12, 2016, and discriminated against him based upon his disability, harassed him, and retaliated against him for his previous equal employment opportunity (EEO) activity and for filing a workers' compensation claim. Initial Appeal File (IAF), Tab 1. He requested a hearing. *Id.* The agency moved to dismiss the appeal for lack of jurisdiction because the appellant had not alleged that his absence was due to a compensable injury. IAF, Tab 5. Subsequently, the administrative judge issued an order informing the parties of the requirements for establishing jurisdiction and ordering the appellant to show cause why the appeal should not be dismissed for lack of jurisdiction. IAF, Tab 6. The appellant did not respond to the order. Accordingly, without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID).

¶3 The appellant has filed a petition for review, and the agency has responded in opposition to his petition. Petition for Review (PFR) File, Tabs 1, 3.[2]

¶4 On review, the appellant challenges the initial decision and asks the Board to grant him a hearing and adjudicate his claims of discrimination based upon disability, failure to accommodate his disability, and retaliation for his prior EEO and workers' compensation activity. PFR File, Tab 1 at 3-8.[3] However, as the administrative judge correctly stated, the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. ID at 2; *see Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Under the Board's revised regulations, to establish jurisdiction over a denial of restoration claim as a partially recovered employee for any appeal filed on or after March 30, 2015, an appellant is required to make nonfrivolous allegations of the following: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to perform its obligations under 5 C.F.R. § 353.301(d). *See*

---

[2] The agency challenges the timeliness of the petition for review because the initial decision became final on December 7, 2016, and the Clerk of the Board did not receive the petition until December 12, 2016. PFR File, Tab 3 at 5-6. However, the appellant mailed the petition for review when it was due, on December 7, 2016, PFR File, Tab 1, and thus it was timely filed, 5 C.F.R. §§ 1201.4(*l*), 1201.114(e). Further, to the extent that the agency alleges that the appellant should have filed his petition via e-Appeal on December 7, 2016, such filing is not mandatory. 5 C.F.R. § 1201.14(f).

[3] With his petition, the appellant attached a November 2015 letter requesting EEO counseling, a March 2016 EEO specialist's inquiry report, and an EEO dispute resolution specialist's March 2016 report. We do not consider this evidence because it is not new. PFR File, Tab 1; *see* 5 C.F.R. § 1201.115(d). He also attached a December 7, 2016 declaration from his attorney. We do not consider this evidence because it is not material to the issue of jurisdiction. PFR File, Tab 1; *see* 5 C.F.R. § 1201.115(d).

*Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 11 (2016); 5 C.F.R. § 1201.57(b).[4]

¶5        We agree with the administrative judge that, although the appellant originally had a compensable injury, he did not allege that his absence between November 3, 2015, and January 12, 2016, was due to that injury.  ID at 3; IAF, Tab 1, Tab 5 at 10-11.  Instead, the appellant submitted evidence to the agency that his absence was due to other medical conditions.  IAF, Tab 5 at 28-33, 41-42.  Thus, the record reflects that the appellant was not absent due to a compensable injury, and we lack jurisdiction over his claim.

¶6        Accordingly, because we lack jurisdiction over the appeal, we cannot address the appellant's claims of discrimination based upon disability, failure to accommodate his disability, and retaliation for his EEO and workers' compensation activity.  *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices are not an independent source of Board jurisdiction and that, absent an otherwise appealable action, the Board lacks jurisdiction to consider an appellant's affirmative defenses), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

---

[4] The administrative judge informed the parties that the appellant must establish jurisdiction by preponderant evidence and applied this standard in the initial decision.  IAF, Tab 6; ID at 3.  However, because the appellant filed the instant appeal on or after March 30, 2015, he only is required to make a nonfrivolous allegation of jurisdiction.  *See Kingsley*, 123 M.S.P.R. 365, ¶ 10.  The difference in standard does not affect the appellant's substantive rights because the newer standard is more lenient, and he could not establish jurisdiction under either standard.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision); *compare* 5 C.F.R. § 1201.4(q), *with* 5 C.F.R. § 1201.4(s).

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.